IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-45-BO

| | |
|---|---|
| JENNIFER FURDON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  ORDER |
| NANCY A. BERRYHILL *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 14, 19]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on March 5, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED and defendant's motion [DE 19] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner terminating her period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. On February 11, 2011, an administrative law judge (ALJ) determined that plaintiff was disabled and entitled to disability benefits as of November 1, 2007. On July 24, 2015, the Social Security Administration notified plaintiff that it had performed a continuing disability review (CDR) and determined that plaintiff had medically improved and, as of July 1, 2015, was no longer disabled within the meaning of the Social Security Act. The determination that plaintiff was no longer disabled was upheld on reconsideration.

A hearing was held before an ALJ on November 21, 2016, at which plaintiff and her attorney appeared. The ALJ issued a decision on March 8, 2017, finding that plaintiff was no longer disabled as of July 1, 2015. On November 30, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In February 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g). [DE 1]. In July 2018, plaintiff moved for judgment on the pleadings. [DE 14]. Defendant moved for judgment on the pleadings in October 2018. [DE 19]. A hearing was held before the undersigned in Elizabeth City, North Carolina on March 5, 2019. [DE 23].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

2

considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Typically, the Commissioner uses a five-step sequential evaluation process in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). But where benefits have already been granted, an eight-step process is used. 20 C.F.R. § 404.1594(f). At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability continues. If the claimant's impairment does not meet or equal a listed impairment, the Commissioner proceeds to step three. At step three, the Commissioner determines whether the claimant has experienced any medical improvement; if so, the Commissioner proceeds to step four, and if not, the Commissioner skips to step five. At step four, the Commissioner determines whether the medical improvement is related to the claimant's ability to work; that is, whether there has been an increase in the claimant's residual functional capacity (RFC). If not, the Commissioner proceeds to step five; if so, the Commissioner skips to step six. At step five—by which point the Commissioner has concluded that the claimant has not experienced medical improvement or the medical improvement is not related to the claimant's ability to work—the commissioner considers whether any of the exceptions to the medical exceptions to the medical improvement standard apply. 20 C.F.R. §§ 404.1594(d), (e). At step six, provided the medical improvement is related to the claimant's ability to work, the Commissioner determines whether the claimant's current impairments in combination are severe; if not, the claimant is no longer disabled. If so, the Commissioner proceeds to step seven and assesses the claimant's RFC to determine whether he or she can perform past relevant work experience. If the claimant can perform his or her past relevant

work experience, the claimant is not disabled. If the claimant cannot perform past relevant work, however, the Commissioner reaches step eight and considers whether, given the claimant's RFC, age, education, and past experience, the claimant can perform other substantial gainful work.

"Medical improvement" is defined as any decrease in the medical severity of the claimant's previously disabling impairments. 20 C.F.R. § 404.1594(b)(1). A determination that there has been a decrease in medical severity must be based on improvements in the symptoms, signs, or laboratory findings associated with such impairments. *Id.* The determination of whether a claimant can engage in substantial gainful activity involves consideration of all current impairments, the claimant's residual functional capacity, and vocational factors such as age, education, and work experience. 20 C.F.R. § 404.1594(b)(5).

Here, the ALJ concluded that plaintiff had undergone medical improvement that was related to her ability to work and that, therefore, she was no longer disabled within the meaning of the Social Security Act. With the assistance of a vocational expert, the ALJ concluded that the ALJ possessed the residual functional capacity to perform sedentary work with various limitations and that plaintiff was therefore able to perform jobs that existed in significant numbers in the national economy.

The ALJ's determination that plaintiff had undergone medical improvement was not supported by substantial evidence in the record. Plaintiff argues that the ALJ erred in evaluating whether plaintiff had undergone medical improvement and in evaluating the testimony of plaintiff's treating medical providers. An ALJ's decision "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th

4

Cir. 2015)). In other words, the ALJ must both identify evidence that supports his conclusion and "build an accurate and logical bridge from [that] evidence to his conclusion." *Woods*, 888 F.3d at 694 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). The ALJ failed to do so here.

The ALJ erred in failing to properly evaluated whether plaintiff had undergone medical improvement. The ALJ provided a narrative recitation of plaintiff's long medical history, much of which predates the 2011 disability determination. In terms of developments since that 2011 determination, the ALJ relies heavily on plaintiff's intervening receipt of an insulin pump, which has enabled her to better control her diabetes. The ALJ also notes that since 2011, plaintiff has developed osteoporosis. While the ALJ mentions plaintiff's history of hospitalizations, there is no particular discussion of the hospitalization that has occurred since the 2011 decision. The ALJ determined that plaintiff's mental condition had improved, ultimately concluding that plaintiff had undergone medical improvement such that she was no longer disabled. A careful review of the record and the medical evidence reveals, however, that there has been no such improvement. While plaintiff's management of her diabetes has improved with the help of an insulin pump, she continues to suffer from an array of severe impairments. In reciting the medical facts, the ALJ failed to "build an accurate and logical bridge" from those facts to the conclusion that plaintiff had undergone medical improvement. Indeed, there is ample evidence in the record to show that plaintiff continues to have great difficulty even with the part-time work that she is able to do, and to support the finding that plaintiff remains disabled. It is clear from the face of the record that plaintiff remains disabled. Substantial evidence does not support the ALJ's decision and the case must be remanded.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*,

5

672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. The record plainly demonstrates that plaintiff did not experience medical improvement between 2011, when she was found to be disabled, and 2015. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal and remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED and defendant's motion [DE 19] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 8 day of March, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE